1  McCormick, Barstow, Sheppard,
   Wayte & Carruth LLP
2  Patrick Fredette, #207284
     *patrick.fredette@mccormickbarstow.com*
3  Scripps Center, Suite 1050
   312 Walnut Street
4  Cincinnati, OH  45202
   Telephone:    (513) 762-7520
5  Facsimile:     (513) 762-7521

6  McCormick, Barstow, Sheppard,
   Wayte & Carruth LLP
7  Jay A. Christofferson, #203878
     *jay.christofferson@mccormickbarstow.com*
8  5 River Park Place East
   Fresno, California 93720-1501
9  Telephone:    (559) 433-1300
   Facsimile:     (559) 433-2300
10

11  Attorneys for Plaintiff
    National Union Fire Insurance Company of
12  Pittsburgh, PA.

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

#### SACRAMENTO DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,<br><br>                Plaintiff,<br><br>        v.<br><br>ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, an Iowa corporation,<br><br>                Defendant. | Case No. 2:12-cv-01380-MCE-KJN<br><br>**STIPULATED PROTECTIVE ORDER REGARDING DOCUMENTS PRODUCED BY NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.**<br><br>Judge:    Hon. Morrison C. England, Jr. |

2:12-cv-01380-MCE-KJN

STIPULATED PROTECTIVE ORDER REGARDING DOCUMENTS PRODUCED BY NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, PA.

1   WHEREAS Plaintiff, NATIONAL UNION FIRE INSURANCE COMPANY OF

2   PITTSBURGH, PA ("National Union"), has agreed to produce certain documents responsive to

3   Defendant, ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY's ("Allied"),

4   Request for Production of Documents, Set One.

5   WHEREAS the documents in question contain information that National Union considers to

6   be proprietary, private, and/or confidential, the propriety, privacy and confidentiality of which it

7   wishes to maintain.

8   IT IS HEREBY AGREED THAT:

9   1.   In order to both provide Allied with information and documents responsive to its

10   Request for Production, Set One, and to protect the proprietary, private and/or confidential nature of

11   the information contained therein, the parties hereby designate the following documents to be

12   "confidential information" for purposes of the above-captioned litigation:

13   (a)   Underwriting materials relating to National Union Commercial Excess Liability

14   Policy No. EBU 067172687 issued to Brewer Refrigeration Heating & Air Conditioning.

15   (b)   Underwriting materials, if any, relating to any other National Union policy

16   issued to Brewer Refrigeration Heating & Air Conditioning for the period 2005-2011.

17   2.   Additional documents and information which are to be considered confidential under

18   this Stipulated Protective Order may be so designated by writing, typing, stamping or otherwise

19   affixing the legend "CONFIDENTIAL" (and such other and further legend as may reasonably be

20   included to specify such confidentiality) on copies of the document(s).  Stamping such legend on the

21   cover or first page of any multi-page document shall designate all pages of the document as

22   confidential, unless otherwise indicated by the producing party.  Confidential documents and

23   information may also be so designated after production by written communication specifying what

24   documents are to be so considered.

25   3.   The inadvertent or unintentional disclosure of confidential information shall not be

26   deemed a waiver in whole or in part of a party's claim of confidentiality.  Any such inadvertently or

27   unintentionally disclosed confidential information shall be designated as confidential information as

28   soon as reasonably possible after the producing party becomes aware of the inadvertent or

MCCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

1                                        2:12-cv-01380-MCE-KJN

STIPULATED PROTECTIVE ORDER REGARDING DOCUMENTS PRODUCED BY NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, PA.

1   unintentional disclosure.

2       4.      Portions of transcripts of depositions in which any confidential information is quoted,

3   paraphrased, discussed or referred to, or in which the subject matter covered by any confidential

4   information is discussed or referred to, shall be subject to the same confidential treatment as provided

5   herein for the underlying confidential information, and shall be designated as confidential.  The court

6   reporter will include in the transcripts the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE

7   ORDER" on all pages that have been designated as containing confidential information.  Requests for

8   such confidential treatment may be made at the time of the deposition or thereafter.  Any deposition

9   exhibits that contain or constitute confidential information shall likewise be so understood and shall

10  not be provided to anyone other than the parties' attorneys and experts, as explained below.

11      5.      Information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE

12  ORDER" under this Stipulated Protective Order, and any summaries, copies, abstracts or other

13  documents derived in whole or in part from information so designated as confidential, shall be used

14  only by the parties to this action, for the purpose of the prosecution, defense or settlement of the

15  claims asserted in this action, any pre-trial, trial, re-trial and/or appeal of this action, and only in

16  accordance with the provisions of this Stipulated Protective Order.  Confidential information shall not

17  be used, directly or indirectly, by any person for any business, commercial or competitive purposes

18  whatsoever.

19      6.      Confidential information produced pursuant to this Stipulated Protective Order may

20  be disclosed, summarized, described or made available only for use in the United States District Court

21  for the Eastern District of California, Sacramento Division, Case No. 2:12-cv-01380-MCE-KJN (by

22  the parties thereto, their counsel, clerical and secretarial staff employed by such counsel); to a trier of

23  fact or law in any forum in which the claims asserted in this action may be adjudicated or enforced,

24  and the administrators of that forum; any officer, director or employee of a party deemed necessary by

25  counsel to aid in the prosecution, defense or settlement of this action; experts or consultants (together

26  with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of

27  this action, provided that such consultants or experts execute the form attached hereto as Exhibit A;

28  witnesses testifying at deposition or at the hearing of this matter either during their testimony or in

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

STIPULATED PROTECTIVE ORDER REGARDING DOCUMENTS PRODUCED BY NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, PA.

preparation therefor, provided that such persons, consultants or experts execute the form attached

hereto as Exhibit A prior to receiving such confidential information; court reporters employed in this

action; any person to whom disclosure is reasonably necessary to enforce any award or judgment

rendered against any party in this proceeding; any other person ordered by the Court or as to whom all

parties in writing agree; court personnel, including court reporters, and any special master or mediator

appointed by the Court or the parties; and any independent document production services or document

recording and retrieval services.

7.      If any confidential information is lodged or filed with the Court as part of a motion,

brief, or other pleading, that information shall be filed in compliance with Local Rules 140(d) and

141.

8.      At any hearing or proceeding in which any document covered by this Stipulated

Protective Order is referred to, revealed or discussed, either party may require that the hearing or

proceeding be conducted in chambers, except when presented to the trier of fact during trial.  Any

records made of such proceedings shall also be sealed pursuant to the provisions of Paragraph 7

above, until further order of the Court, if any.

9.      On the request of any party, any person who is not a qualified person described in

Paragraph 6, above, shall be excluded from any deposition during the period in which confidential

information is used, referred to or discussed.

10.     All documents produced in this proceeding pursuant to the terms of this Stipulated

Protective Order shall be used by the party to whom such documents are produced solely for purposes

of the resolution of the claims asserted in this action, any pre-trial, re-trial and appeal of this action

and for no other purpose.

11.     This Stipulated Protective Order is for the purpose of facilitating the exchange of

documents and information between the parties to this action without involving the Court

unnecessarily in the process.  Nothing in this Stipulated Protective Order, nor the production of any

information or document under the terms of this Stipulated Protective Order nor any proceedings

pursuant to this Stipulated Protective Order shall be deemed to have the effect of an admission or

waiver by any party or altering the confidentiality or non-confidentiality of any confidential

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

3                          2:12-cv-01380-MCE-KJN
STIPULATED PROTECTIVE ORDER REGARDING DOCUMENTS PRODUCED BY NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, PA.

1  information or have the effect of creating any new obligation or altering any existing obligation of any

2  party.

3      12.    Counsel for the parties agree to meet and confer and to attempt in good faith to resolve

4  any disputes that may arise concerning the proper interpretation or application of this Stipulated

5  Protective Order.

6      13.    This Stipulated Protective Order shall in no way affect or impair the right of any party

7  to compel discovery or to raise or assert any defense or objection, including but not limited to

8  defenses or objections to the discovery of such confidential information as contemplated herein, or to

9  the use, relevance or admissibility of the confidential information at trial or in any other proceeding in

10 the trial court or on appeal of this action only.

11     14.    This Stipulated Protective Order shall survive the final termination of this action and

12 the Court shall retain jurisdiction to enforce, construe or modify its terms.  Within forty-five (45) days

13 following final disposition of this action, counsel for Allied shall assemble and return to National

14 Union all confidential information, including all copies of same, except counsel shall be permitted to

15 retain for their respective files (i) copies of all papers and documents filed with the Court and (ii) their

16 work product, such as pleadings, correspondence and memoranda, which contain or refer to

17 confidential discovery matter, provided that all such confidential discovery matter and work product

18 shall remain subject to this Stipulated Protective Order.

19     15.    Confidential information must be stored and maintained by a receiving party at a

20 location and in a secure manner that ensures that access is limited to the persons authorized under this

21 Stipulated Protective Order.

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

4                                    2:12-cv-01380-MCE-KJN
STIPULATED PROTECTIVE ORDER REGARDING DOCUMENTS PRODUCED BY NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, PA.

1   Dated:  May 24, 2013                          McCORMICK, BARSTOW, SHEPPARD,
                                                        WAYTE & CARRUTH LLP
2

3

4                                              By:_____
                                                            Patrick Fredette
5                                                        Jay A. Christofferson
                                                        Attorneys for Plaintiff
6                                              National Union Fire Insurance Company of
                                                            Pittsburgh, PA.
7

8   Dated:  May 24, 2013                          MECKLER BULGER TILSON MARICK &
                                                            PEARSON LLP
9

10

11

12                                             By:_____
                                                            Karen L. Uno
13                                                       Renee C. Callantine
                                                        Attorneys for Defendant
14                                             Allied Property and Casualty Insurance Company

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

5                                              2:12-cv-01380-MCE-KJN
STIPULATED PROTECTIVE ORDER REGARDING DOCUMENTS PRODUCED BY NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, PA.

# EXHIBIT "A"

## ACKNOWLEDGMENT AND PROMISE OF CONFIDENTIALITY

I, _____, declare as follows:

1.      I received a copy of the **PROTECTIVE ORDER** regarding confidential information in the action entitled *National Union Fire Insurance Company of Pittsburgh, Pa. v. Allied Property and Casualty Insurance Company*, United States District Court, Eastern District of California, Sacramento Division, Case No. 2:12-cv-01380-MCE-KJN.

2.      I will comply with all of the provisions of the **PROTECTIVE ORDER.** I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the **PROTECTIVE ORDER**, and will not copy or use except for purposes of the litigation, any information designated **"Confidential."**

3.      I will return any materials under this **PROTECTIVE ORDER** at the conclusion of the instant case, to the party or its counsel who originally disclosed such material.  I will not make any unnecessary copies of materials or otherwise disclose materials to any third parties.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this **ACKNOWLEDGMENT AND PROMISE OF CONFIDENTIALITY** was executed on the ___ day of _____ in _____.

_____

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

1                                         2:12-cv-01380-MCE-KJN
STIPULATED PROTECTIVE ORDER REGARDING DOCUMENTS PRODUCED BY NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, PA.

# <u>ORDER</u>

Having reviewed the above Stipulated Protective Order (ECF No. 15 at 5 (bearing signatures from attorneys for Plaintiff and Defendant)), good cause appearing, THE COURT ORDERS AS FOLLOWS: With the alterations described in the paragraphs below, the parties' Stipulated Protective Order is approved, with the understanding that it governs relations between the parties and the discovery phase of litigation, and does not predetermine any issues related to the sealing or redaction or retention of documents filed with or otherwise presented to the court. <u>See</u> Local Rules 140, 141.

As to Paragraphs 6 through 8, these provisions relate to the filing and sealing of "confidential" documents. The undersigned clarifies that the parties' Stipulated Protective Order does not bind *the court* to file any particular documents under seal or with redactions. For instance, should the parties wish to file documents under seal, they must comply with Local Rule 141. Again, the Stipulated Protective Order does not predetermine any issues related to the sealing or redaction or retention of documents filed with or otherwise presented to the court. <u>See</u> Local Rules 140, 141.

As to Paragraph 8, the provision appears to envision the undersigned completing *in camera* hearings regarding "confidential" documents any time any party "requires" him to do so during a hearing where such documents are "referred to, revealed, or discussed." The undersigned hereby alters that provision and orders that, in the event a party wishes to *request* that some or all of a hearing take place *in camera*, the party should timely ask the court to conduct such a hearing, and the undersigned will in due course consider the request.

As to Paragraph 14, the provision indicates that the court will retain jurisdiction over this matter following the termination of this case. The undersigned is not inclined to approve a provision requiring this court to retain jurisdiction regarding confidential information after the termination of this action. Accordingly, the undersigned hereby alters that provision and orders that the Stipulated Protective Order shall survive and remain in full force and effect such that it may be enforced as a contract between the parties after the termination of this case, but the court will not retain jurisdiction after the termination of this case.

/////

/////

1      The above hereby becomes the PROTECTIVE ORDER of the Court.

2  **Date:  5/29/2013**

3

                                               _____

4                                 KENDALL J. NEWMAN
                                 UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

STIPULATED PROTECTIVE ORDER REGARDING DOCUMENTS PRODUCED BY NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, PA.