UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>Plaintiff,<br><br>v.<br><br>ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Defendant. | No.  2:12-cv-01380 MCE KJN<br><br><br>ORDER |

Currently pending before the court is plaintiff's motion to compel filed pursuant to Federal Rule of Civil Procedure 37(a).[1]  (ECF No. 29.)  The parties filed a Joint Statement in connection with the motion.  (ECF No. 30.)

Plaintiff National Union Fire Insurance Co. ("National Union" or "plaintiff") seeks to depose a person most knowledgeable ("PMK") of Allied Property and Casualty Insurance Co. ("Allied" or "defendant") pursuant to Federal Rule of Civil Procedure 30(b)(6).  The deposition notice indicates that plaintiff seeks to depose Allied's PMK on five topics pertaining to "claims handling" in connection with the car accident underlying this dispute.[2]  (Declaration of Jay

---

[1]   This matter proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

[2]   The deposition notice also requested the production of various documents, but the parties' Joint Statement (ECF No. 30) reflects that the parties reached an agreement regarding the

1

Christofferson ("Christofferson Decl."), ECF No. 29-1, Exh. A.)

This matter came on for hearing on June 27, 2013. Attorney Jay Christofferson attended on behalf of the plaintiff. Attorney Renee Callantine attended on behalf of the defendant. The undersigned has considered the briefs, oral arguments, and appropriate portions of the record in this case and, for the reasons stated on the record during the hearing and herein, grants plaintiff's motion. (ECF No. 29.)

As the undersigned stated during the hearing, the deposition of the person most knowledgeable regarding Allied's "handling" in connection with the car accident underlying this action may lead to the discovery of admissible evidence relevant to claims or defenses in this pending case, see Fed. R. Civ. P. 26(b)(2), potentially including evidence pertaining to the threshold issue of the driver's "coverage" under Allied's insurance policies. Accordingly, the deposition of Allied's PMK regarding the topics set forth in the deposition notice dated May 16, 2013, and attached as Exhibit A to the Declaration of Jay Christofferson (ECF No. 29-1), shall proceed.[3] The undersigned appreciates the parties' demonstrated abilities to resolve discovery disputes without resorting to judicial intervention. However, should a dispute arise during the deposition, and should the parties be unable to resolve it after meeting and conferring in good faith, the parties may contact the undersigned's courtroom deputy at (916) 930-4187 to schedule a telephonic conference with the undersigned.

As the undersigned also stated during the hearing, the undersigned makes no determination regarding plaintiff's ultimate ability to prove claims of equitable subrogation, equitable contribution, or equitable indemnity, just as the undersigned makes no determination regarding defendant's ultimate ability to successfully assert defenses to such claims. These central legal issues are to be decided by the assigned United States District Judge at trial or upon motions for summary judgment, and shall not be decided by way of this discovery dispute.

////

---

production of such documents. (Id. at 8.) Thus, the documents requested within the deposition notice are no longer in dispute and they are not addressed further herein.

[3] The undersigned appreciates the parties' willingness to stipulate to certain issues that would obviate the need to delve into certain areas during the deposition.

For all the foregoing reasons, and for those stated on the record during the hearing, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to compel (ECF No. 29) is hereby granted, and the deposition on the topics listed within the deposition notice (Exh. A to Christofferson Decl.) shall proceed.
2. No sanctions shall issue in connection with this dispute.[4]
3. Should a dispute arise during the deposition, and should the parties be unable to resolve it after meeting and conferring in good faith, the parties may contact the undersigned's courtroom deputy at (916) 930-4187 to schedule a telephonic conference with the undersigned.

IT IS SO ORDERED.

**Date: 7/1/2013**

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[4] Neither party requested sanctions in connection with this discovery dispute.

3