1  Karen L. Uno (State Bar No. 117410)
2  Renée C. Callantine (State Bar No. 155991)
   David P. Borovsky (State Bar No. 216588)
3  MECKLER BULGER TILSON MARICK &
   PEARSON LLP
4  575 Market Street, Suite 2200
   San Francisco, CA  94105
5  TEL: (415) 644-0914   FAX: (415) 644-0978
   Karen.Uno@mbtlaw.com / Renee.Callantine@mbtlaw.com /
6  David.Borovsky@mbtlaw.com

7

8  Attorneys for Defendant
   ALLIED PROPERTY AND CASUALTY
9  INSURANCE COMPANY

10

11                    UNITED STATES DISTRICT COURT

12                    EASTERN DISTRICT OF CALIFORNIA

13                         SACRAMENTO DIVISION

14

| 15 | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation, | CASE No. 2:12-CV-01380-MCE- KJN |
|---|---|---|
| 16 | | **STIPULATION AND ORDER DISMISSING WITH PREJUDICE PLAINTIFF'S CLAIMS FOR RELIEF UNDER THE ALLIED PERSONAL UMBRELLA POLICY ONLY** |
| 17 | Plaintiff, | |
| 18 | vs. | |
| 19 | ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, an Iowa corporation, | [FRCP 41(A)(1)] |
| 20 | | |
| 21 | Defendant. | Courtroom:   7<br>Judge:        Hon. Morrison C. England, Jr. |
| 22 | | Complaint Filed:   May 22, 2012<br>Trial Date:          April 14, 2014 |

23
24
25
26
27
28

WHEREAS:

1. This is a liability insurance coverage dispute between insurers that relates to coverage for a lawsuit known as *Foster, et al. v. Brewer Refrigeration Heating & Air Conditioning, Inc., et al.*, Superior Court of the State of California for Nevada County, Case No. 77173 brought by Michael and Susan Foster against Robert Brewer and Brewer Refrigeration Heating & Air Conditioning, Inc. ("*Foster* action" or "*Foster* lawsuit").  The *Foster* action alleged that on the evening of May 2, 2010, the Fosters were passengers in a 2006 Porsche Cayenne ("Porsche") driven by Robert Brewer at an unsafe speed when the vehicle crashed, resulting in injuries to the Fosters.

2. The *Foster* action was settled.  The settlement was funded by Nationwide Mutual Insurance Company who had issued a business auto policy that covered Robert Brewer and Brewer Refrigeration Heating & Air Conditioning, Inc. ("Brewer Corporation") and National Union, plaintiff herein, who had issued a commercial excess policy that also covered Robert Brewer and Brewer Corporation.

3. Nationwide paid its $1,000,000 policy limit to settle the *Foster* action.  National Union contributed $900,000 toward the settlement of the *Foster* action, which settled for a total of $1,900,000.

4. After the settlement, National Union filed this suit seeking to recover the amount it paid towards settlement under two policies issued by Allied Property & Casualty Insurance Company to Robert and Cheryle Brewer:  (1) a personal auto policy, policy number PPC 0010119244-0 ("Allied personal auto policy"); and (2) a personal umbrella liability policy, policy number PEC 7823101988 ("Allied personal umbrella policy").  National Union's complaint alleges claims for declaratory relief, equitable contribution, equitable indemnity, and equitable subrogation under both Allied policies.

5. On or about October 3, 2013, Allied filed a motion for summary adjudication concerning the issue of coverage for the *Foster* lawsuit under <u>the Allied personal umbrella policy only</u>.  [Dkt. No. 39].  That motion sought a declaration that Allied had no obligation to reimburse National Union for any portion of the settlement in the *Foster* lawsuit under the Allied personal

1

umbrella policy.

6. Since the filing of the above motion [Dkt. No. 39], the parties have reached a stipulation that would render Allied's pending motion <u>on the personal umbrella policy only</u>, moot as follows:

WHEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE:

(a) National Union agrees to immediately dismiss <u>with prejudice</u> pursuant to Fed.R.Civ.Pro. 41(a)(1), all claims alleged against Allied in this lawsuit for contribution, indemnity, subrogation or otherwise, <u>under the Allied personal umbrella policy only</u> and stipulates that Allied is not obligated to reimburse National Union for any sums paid to settle the *Foster* lawsuit under the Allied personal umbrella policy only;

(b) Allied agrees to waive any right it may have to seek fees and costs it incurred for defending against National Union's claim that coverage existed for the *Foster* lawsuit under Allied's personal umbrella policy;

(c) Upon the Court signing this stipulation and proposed order, Allied's pending summary adjudication motion on the personal umbrella policy [Dkt. No. 39] shall be withdrawn as moot;

(d) That National Union continues to contend, and Allied continues to dispute, that coverage exists for the settlement payment made by National Union under the Allied personal auto policy and that National Union is not dismissing any of its claims for declaratory relief, contribution, indemnity, or subrogation under the Allied personal auto policy but has only withdrawn its claims as to the Allied personal umbrella policy; rather, the parties have and will be filing motions for summary adjudication with respect to the Allied personal auto policy;

(e) The parties shall bear their own fees and costs as to the claims dismissed in this stipulation and order only; and

(f) Nothing in this stipulation and order shall bar the parties from seeking or recovering costs associated with any of the claims not dismissed in this stipulation and proposed order.

(g) That Allied's personal auto policy $1 million occurrence limit has not been impaired in any regard.

///

///

///

**SO STIPULATED**

Dated: October ___, 2013                    McCORMICK, BARSTOW, SHEPPARD,
                                                                    WAYTE & CARRUTH LLP


                                                            By:_____
                                                                          Patrick Fredette
                                                                       Jay A. Christofferson
                                                                       Attorneys for Plaintiff
                                                              National Union Fire Insurance Company of
                                                                              Pittsburgh, PA.


Dated: October ___, 2013                    MECKLER BULGER TILSON MARICK &
                                                                    PEARSON LLP


                                                            By:_____
                                                                             Karen L. Uno
                                                                      Attorneys for Defendant
                                                          Allied Property and Casualty Insurance Company


BASED ON THE FOREGOING, AND GOOD CAUSE APPEARING:

1. All of National Union's claims alleged against Allied in this lawsuit, for declaratory relief, contribution, indemnity, subrogation or otherwise under the Allied personal umbrella policy only, are dismissed <u>with prejudice</u> pursuant to Fed.R.Civ.Pro. 41(a)(1).

2. The parties shall bear their own fees and costs as to the claims dismissed in this order only.

3. Allied's pending motion for summary adjudication on the personal umbrella policy [Dkt. No. 39] is hereby dismissed as MOOT.

   **IT IS SO ORDERED.**

Date: October 23, 2013

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT