1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   NATIONAL UNION FIRE INSURANCE          No.  2:12-cv-01380-MCE-KJN
     COMPANY OF PITTSBURGH, PA., a
12   Pennsylvania corporation,

13              Plaintiff,                   **ORDER TAXING COSTS**

14   v.

15   ALLIED PROPERTY AND CASUALTY
16   INSURANCE COMPANY, an Iowa
     corporation,
17
                Defendant.
18

19

20          On April 14, 2004, this Court granted summary judgment in favor of Defendant

21   Allied Property and Casualty Insurance Company ("Defendant").  As the prevailing party,

22   Defendant has filed a Bill of Costs, pursuant to 28 U.S.C. § 1920, in the amount of

23   $15,722.53.  Plaintiff National Union Fire Insurance Company of Pittsburgh, PA

24   ("Plaintiff") has filed Objections to that request.  No reply to those objections was

25   tendered on behalf of the defense.

26          Under Federal Rule of Civil Procedure 54(d), the prevailing party in a lawsuit may

27   recover its costs "unless the court otherwise directs."  As this language suggests, the

28   ultimate decision on whether to award costs is a matter within the court's discretion.

                                            1

1  Ass'n of Mexican-Am. Educators v. State of Cal., 231 F.3d 572, 591-92 (9th Cir. 2000).

2  Pursuant to Local Rule 292(a), costs are awardable in conformity with the provisions of

3  28 U.S.C. §1920, and such other provisions of law as may be applicable.  In addition,

4  Local Rule 292(f)(11) allows the Court to tax other items it believes should be

5  compensable "in the interest of justice."  If the court declines to award costs as

6  requested by the prevailing party it should specify its reasons for doing so.  Berkla v.

7  Corel Corp., 302 F.3d 909, 921 (9th Cir. 2002).

8         Plaintiff objects to three separate categories of costs claimed.  First, it asserts that

9  witness fees sought for Christopher Caskey are improper and should be disallowed.

10  Second, Plaintiff takes issue with certain "messenger services" incurred by Defendant.

11  Third and finally, Plaintiff contends that Defendant has failed to establish that much of

12  the claimed exemplification and copying expense were  "necessarily obtained for use in

13  the case" as required in order to be recoverable under 28 U.S.C. § 1920(4).

14         Turning first to witness fees, Mr. Caskey is the only individual for whom

15  reimbursement is sought.  Defendant correctly points out that an ordinary witness "shall

16  be paid an attendance fee of $40 per day for each day's attendance," plus permissible

17  expenses.  28 U.S.C. § 1821(b), (c).  Absent express statutory authority for shifting fees

18  (with respect to certain court-appointed experts, for example), reimbursement for witness

19  fees is limited by § 1821(b).  Lovell v. Chandler, 303 F.3d 1039, 1058 (9th Cir. 2002).  As

20  Plaintiff points out, Defendant has neither identified Caskey as an expert nor cited any

21  authority that permits the Court to expand Mr. Caskey's fee.  Consequently, the taxable

22  costs attendant to Caskey's deposition are limited to the statutorily prescribed $40 fee,

23  plus claimed mileage in accordance with 28 U.S.C. § 1821(c)(2).  This brings the taxable

24  amount down from the $848.56 figure claimed by Defendant to $167.65, in addition to

25  the $127.65 in mileage expense which is compensable under § 1821(c)(2).

26         Plaintiff secondly objects to "messenger services" totaling $180.42 that were

27  incurred in overnighting documents by FedEx to this Court and to the Nevada County

28  Superior Court.  Those costs are not recoverable.  Communication charges like courier,

1  mail, telephone, telex and fax costs cannot be taxed.  <u>El-Fadl v. Central Bank of Jordan</u>,

2  163 F.R.D. 389, 390 (D.D.C. 1995).

3        Third and finally, with respect to whether copy and exemplification charges were

4  "necessarily obtained for use in the case," the Court finds that much of the $4,550.12

5  has not been shown to meet that threshold.  The burden is on the prevailing party, here

6  Defendant, to establish the amount of compensable costs to which it is entitled.

7  <u>G.M. ex rel. Marchese v. Drycreek Joint Elem. Sch. Dist</u>., 2013 WL 59555076 at *2 (E.D.

8  Cal. Nov. 7, 2013).  Plaintiff specifically takes issue with an invoice totaling $3,450.16

9  that contains no information as to the content of the documents, or even a clear

10  indication of their source.  Plaintiff similarly objects to a $676.75 invoice from First Legal

11  Solutions since the invoice sheds no light on either the contents or the source of the

12  "1,947 B/W scans" listed as having been made.  Those objections are well taken.  In

13  addition, Defendant has filed nothing by way of response to Plaintiff's objections that

14  would further substantiate its claims in this regard.  While the Court does find the

15  remainder of the copying expenses to be compensable, subtracting the above two items

16  brings the taxable amount down by $4,126.81, or from $4,550.12 to $423.31.

17        Given the foregoing, costs are taxed in favor of Plaintiff in the amount of

18  $10,734.39.

19        IT IS SO ORDERED.

20  Dated:  July 15, 2014

23  _____

MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT